UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MITCHELL WALL, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | )   Civil No. 07-161-P-S |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION AND ORDER ON MOTION TO *PROCEED IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL**

Mitchell Wall, an individual who is serving a federal life sentence, has filed a 28 U.S.C. § 2254 petition challenging the denial, on statute of limitations grounds, of three state post-conviction petitions seeking to set aside state convictions stemming from 1985, 1990, and 1993 criminal charges, the sentence for which Wall has long since served. Wall has already sought 28 U.S.C. § 2255 relief from his federal conviction and sentence.[1] In the § 2255 proceeding Wall filed a motion to stay that action hoping to complete his efforts to challenge the three state court convictions because of their impact on his federal conviction and sentence. I denied the motion to stay and recommended that the Court deny Wall 28 U.S.C. § 2255 relief. That recommendation was accepted and the First Circuit Court of Appeals has affirmed this Court. The United States Supreme Court denied his petition for certiorari review on October 1, 2007.[2]

---

[1]     The First Circuit Court of Appeals affirmed on direct appeal. United States v. Wall, 349 F.3d 18, 20 (1st Cir. 2003).

[2]     See United States Supreme Court Order List, Oct. 1, 2007, at 6, 54.

The state review of Wall's post-conviction challenges to his three state convictions has now run its course, the Maine Superior and Supreme Courts having concluded that his post-conviction petitions were untimely. In this § 2255 motion Wall asks the court to review the state courts' conclusion that his efforts to seek post-conviction review of the three Maine convictions were untimely; in fact, he asks that this court equitably toll the state statute of limitation. I grant Wall's motion to proceed <u>in forma pauperis</u> (Docket No. 2). I recommend that the Court summarily dismiss this petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the reasons that follow. Because I conclude that the § 2254 petition is without merit, I deny Wall's motion for appointment of counsel (Docket No. 3).

## *Discussion*

### *The Motion to Stay in Wall's 28 U.S.C. § 2255 Proceeding*

My reasoning with respect to Wall's request for a stay during the 28 U.S.C. § 2255 proceeding can be found at <u>Wall v. United States</u>, Civ. No. 05-53-P-C, Crim. Nos. 00-77-P-C, 00-78-P-C, 2005 WL 2429893, *1 -6 (D. Me. Oct. 03, 2005). I paid considerable attention to the issues involved with the stay request, focusing in large part on the United States Supreme Court's recent guidance in <u>Daniels v. United States</u>, 532 U.S. 374 (2001). For purposes of treating the current 28 U.S.C. § 2254 petition the concluding paragraphs add some necessary context:

> I recognize that Wall's case is different from that addressed in <u>Daniels</u> in that Wall has state post-conviction proceedings pending and evidence that there will at least be some treatment of his claim by the state courts. And Wall's motion is different from the 28 U.S.C. § 2255 motion brought by defendants only raising claims concerning predicate offenses, as Wall has multiple claims in his motion that must be brought within the § 2255 ¶ 6(1) year if he wishes to pursue them. Accordingly, it is not as simple as awaiting the resolution of the state post-conviction petition and

then, if successful, proceeding under § 2255 ¶ 6(4). However, in my view it would contravene the holding of <u>Daniels</u> to employ a stay and abeyance approach vis-à-vis Wall's 28 U.S.C. § 2255 motion to allow him to pursue claims that he cannot bring in a § 2255 ¶ 6(1) motion.

  I also acknowledge that it is not clear from the opinions in <u>Daniels</u> what, if anything, would be Wall's recourse once this Court adjudicates the grounds in the present 28 U.S.C. § 2255 motion (as I feel it must) and then, down the line, Wall does have success in challenging his conviction(s) in the state courts or through a 28 U.S.C. § 2254 petition. This open question was a concern of the Justices in <u>Daniels</u>. Without suggesting how such a motion would be greeted, if Wall was successful vis-à-vis the predicate offense for his conviction under 21 U.S.C. 841(b)(1)(C), he could attempt to return to federal court with a second or successive motion, arguing under 28 U.S.C. § 2255 ¶ 8(1) that his success in the state court in challenging those convictions is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found" Wall guilty of the 21 U.S.C. § 841(b)(1)(C) offense. <u>See</u> <u>Daniels</u>, 532 U.S. at 383-84 ("We recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own. The circumstances of this case do not require us to determine whether a defendant could use a motion under § 2255 to challenge a federal sentence based on such a conviction," citing § 2255 ¶ 8(1)); <u>but</u> <u>see</u> <u>id.</u> at 385-87 (Scalia, J. concurring in part)(explaining why he is prevented from joining the "there may be rare cases" portion of the majority opinion because of his reasoning apropos the limitations of 28 U.S.C. § 2255 review). And even with respect to the challenges Wall undertakes vis-à-vis the state conviction which only had a meaningful impact on his Oxycontin sentence, the <u>Daniels</u> majority and Justice Scalia's concurrence suggest that it might be appropriate for the sentencing judge to entertain an application to reopen the federal sentence once the predicate state offense or offenses is or are successfully challenged in the state courts. <u>See</u> <u>id.</u> at 382 ("In <u>Custis</u>[3], we noted the possibility that the petitioner there, who was still in custody on his prior convictions, could "attack his state sentences [in state court] or through federal habeas review." <u>Ibid</u>. If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. As in <u>Custis</u>, we express no opinion on the appropriate disposition of such an application. <u>Cf.</u> <u>ibid</u>."). In his part concurrence Justice Scalia argued that fundamental fairness is better achieved in cases such as this "by holding that the rendering jurisdiction," in Wall's case Maine, "must provide a means for challenge when enhancement is threatened or has been imposed," <u>id.</u> at 387 (Scalia, J. concurring in part), which Maine does by allowing post-conviction petitions to be filed within

---

[3]  <u>Custis v. United States</u>, 511 U.S. 485 (1994).

3

>a year of the imposition of a sentence for a new crime resulting in the indirect impediment. "Such a constitutional rule," Justice Scalia opined, when "<u>combined with a rule that any sentence already imposed must be adjusted accordingly</u>, would prevent sentencing hearings from being routinely complicated by inquiries into prior convictions, and would locate those inquiries where they can best be conducted: in the rendering jurisdiction." id. (emphasis added).
>
>>This bridge does not need to be crossed now. Whether or not Wall will have some avenue for relief vis-à-vis his federal sentences should he be successful with his state post-conviction efforts, I conclude that it is not appropriate for this Court to hold Wall's 28 U.S.C. § 2255 motion in abeyance.

Id. at 4-6 (footnote omitted).

### *The Post-Conviction Court's Order*

On November 7, 2006, the Superior Court issued its order on Wall's three post-conviction petitions. The justice ruled as follows:

>Mitchell Wall has filed amended petitions for post-conviction relief seeking to set aside his convictions in three cases. In CR-05-1228 Mr. Wall has challenged his conviction based on his June 4, 1991 guilty pleas to two counts of criminal threatening with a dangerous weapon in CR-90-1152. Those concurrent sentences of two years with all but eight months suspended and 18 months of probation, which were followed by a partial revocation of probation on April 24, 1992 with probation to terminate, have been fully served for over a decade.
>In CR-05-1354 Mr. Wall has challenged his conviction for unlawful trafficking in a schedule drug based on a guilty plea in CR-93-873 on July 7, 1994 where he received a sentence of 365 days with all but six months and one day suspended. In December of 1995 he was ordered to serve four additional months on a probation revocation with probation to terminate. This sentence was completed by early 1996.
>Lastly, in CR-05-1355 Mr. Wall challenge his conviction for burglary and theft in CR-85-1474 where he received a split sentence of six years with all but three and one-half years suspended based on a plea on the same day. He later received a partial revocation of 364 days on September 1, 1989 with probation to terminate. By 1990 this sentence was complete.
>Mr. Wall was sentenced in the United States District Court on July 1, 2002 to a life sentence based in part on his Superior Court convictions. He has challenged that sentence without success through the Federal appeals process. See United States v. Wall, 249 F.3d 18 (1st Cir. 2003) and Wall v. United States, 2005 U.S. Dist. Lexis 22257.

4

> His post-conviction proceedings were filed in this court in June of 2005. The State has moved to dismiss the petitions, which have since been amended, as untimely. There is no longer any direct impediment, see 15 M.R.S.A. § 2128(5) because of the State convictions and there has not been for at least ten years. He cannot challenge his conviction based on any present restraint, 15 M.R.S.A. [§] 2128(5).
>
> To the extent that the State Court convictions have enhanced his Federal sentence creating a present indirect impediment, 15 M.R.S.A. § 2124(3), his petitions are also too late. There is a one-year period of limitation which "runs from the date of imposition of a sentence for the new crime resulting in the indirect impediment." 15 M.R.S.A. § 2128(6). The Federal sentence was imposed on July 1, 2002 and these petitions were not filed until early June 2005.

(Order, Docket No. 1-18 at 1-2.) The Maine Law Court summarily denied Wall's petition seeking a certificate of probable cause. (Order, Docket No. 1-20 at 1.)

***Wall's 28 U.S.C. § 2254 Arguments and My Recommendation for Summary Dismissal Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings***

In his 28 U.S.C. § 2254 petition Wall discusses at length the case law concerning equitable tolling in habeas cases. (Sec. 2254 Mem. at 4-6, 10-12.) With respect to his own case, he describes "due diligence" as "a very subjective term." (Id. at 6.) The circumstance he sites as warranting leeway in his case include his serious mental health issues, his low I.Q., serious health issues, his pro se status, his incarceration in a federal facility in Pennsylvania which does not have Maine law resources, and the limitations flowing from his indigent status. (Id.) He maintains that as early as 2002 he began to exercise due diligence apropos the prior convictions in that he sent letters to defense counsel and the court. (Id. at 12-13.) It is Wall's belief that the 15 M.R.S.A. § 2124(3) year should not have begun to run until the United States Supreme Court denied his petition for cert on March 18, 2004, making his 2005 petitions[4] for post-conviction

---

[4] In his memorandum Wall indicates that his petitions for post-conviction review were in fact filed on January 23, 2005 (rather than the June 2005 date referenced by the state court). (See Sec. 2255 Mem. at 7.) Apparently Wall filed a motion in the Cumberland County Courthouse on January 23, 2005, asserting a

5

review timely. (Id. at 6-7.) In the alternative he "hopes" that the state's § 2124(3) year should run from January 31, 2007, the date that the First Circuit Court of Appeals denied his appeal of his 28 U.S.C. § 2255 motion. (Id. at 13.)[5]

Wall faults the state Superior Court for granting the State's motion to dismiss his post-conviction petitions in that it treated the statute of limitations as if it was jurisdictional but it did not expressly state that there was no jurisdiction. (Id. at 7,11.) He asserts that the court's ruling was incorrect and affronted due process principles because it did not acknowledge that Wall had a right to an evidentiary hearing on his claims that his prior convictions were constitutionally unsound because of ineffective assistance. ( Id. at 7-8, 10.)

With respect to counsel's performance when Wall pled guilty to the Maine offenses, Wall maintains that he was (with the State's complicity) misled into believing that he would not face further punishment for those offenses; in fact they served as a basis for enhancing his later federal sentence to a term of life. (Id. at 9.) It is Wall's belief that this failure to warn of the possible dire future federal consequences translated into a plea that was involuntary and unintelligent. (Id.)

It is not at all clear that Wall can actually maintain a 28 U.S.C § 2254 petition to challenge the state court's determination on his three prior convictions because he is not in the State's custody because of these judgments. Compare Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001); Daniels, 532 U.S. at 382-83; see also

---

violation of his Rule 11 rights. (Id. at 3.) He was told to instead file petitions for post-conviction review which he did in June 2005.

[5] Wall takes this position even though the clear directive of the Maine statute, 15 M.R.S.A. § 2124(3)/2128(6) is that the year runs from the imposition of the sentence, language which clearly puts prospective post-conviction petitioners on notice. See 15 M.R.S.A. § 2128(6) ("A one-year period of limitation applies to initiating a petition for post-conviction review seeking relief from a criminal judgment under section 2124, subsection 3. The limitation period runs from the date of imposition of a sentence for the new crime resulting in the indirect impediment.").

Smith v. United States, 262 F.3d 537 (6th Cir. 2001); see cf. Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004).

Wall is in federal custody, the state judgments having increased the severity of his federal sentence. And, as I indicated in addressing his motion to stay in the 28 U.S.C. § 2255 motion, his real hope of federal habeas relief was dependent on his success in challenging his prior convictions in the "rendering jurisdiction," Daniels, 532 U.S. at 387 (Scalia, J. concurring in part); see id. at 382 (majority) ("If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.").

If Wall wants relief apropos the state court's statute of limitations determination for his post-conviction challenges to his Maine convictions, the sentences on which he has completely served, his final recourse would lay with seeking the review of the United States Supreme Court. It does not appear to me that this court can review that determination under the purview of 28 U.S.C. § 2254 because he is not in state custody under those convictions.

### *Conclusion*

I grant Wall's application to proceed in forma pauperis (Docket No. 2). For the reasons above, I recommend that the Court summarily dismiss Wall's 28 U.S C. § 2254

7

petition (Docket No. 1) pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings.  I deny Wall's motion to appoint counsel (Docket No. 3).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 9, 2007.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge